**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**TONY CRAWFORD**                                                                        **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO.3:10-CV54-SA-JAD**

**BANNUM PLACE OF TUPELO**                                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

On June 17, 2010, Plaintiff, proceeding pro se, filed suit alleging retaliation in violation of Title VII, 42 U.S.C. Section 2000e *et seq.* Defendant filed a Motion to Dismiss [11] under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) on December 15, 2010, arguing that Plaintiff failed to plead any facts that state a claim for relief and that Plaintiff also failed to exhaust his administrative remedies.

On January 27, 2011, Plaintiff, still proceeding pro se, filed a motion [14] -- in the form of a letter -- to amend his complaint to sue for violations of public policy, lost wages, and emotional distress. The Court denied this motion for failure to comply with the rules of the court [17].

On April 18, 2011, Plaintiff, this time through counsel, filed a second motion for leave to amend, attaching to the motion a proposed First Amended Complaint [22]. The Court granted Plaintiff's motion to amend on June 21, 2011 [28], rejecting Defendant's argument that the amended complaint was futile. Plaintiff filed his First Amended Complaint on July 5, 2011 [29]. Plaintiff's First Amended Complaint removes all Title VII claims. In fact, the complaint as amended removes all federal causes of action. Instead, Plaintiff sues under 28 U.S.C. § 1332, alleging causes of action for: (1) Wrongful Termination in Violation of Public Policy; (2)

Negligent Misrepresentation; (3) Estoppel, Detrimental Reliance; (4) Breach of the Duty of Good Faith and Fair Dealing; and (5) Negligent Infliction of Emotional Distress.

Currently before the Court is Defendant's Motion to Dismiss [11] that was filed prior to the Court's Order granting leave for Plaintiff to file his First Amended Complaint. An amended complaint supersedes a prior complaint and renders it of no legal effect unless the amended complaint specifically refers to or adopts the earlier pleading. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (citing Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985)). In this case, Defendant's motion is entirely based on Plaintiff's original allegations under Title VII. Accordingly, due to the amended complaint, the Defendant's Motion to Dismiss is denied as moot.

So ordered on this, the __6th__ day of July, 2011.

                                              /s/   Sharion Aycock
                                      **UNITED STATES DISTRICT JUDGE**